h GRISBAUM, Judge.
Defendant-appellant, Connie H. Mezzic, appeals the trial court’s judgment ordering her to remove or relocate her fence fifteen feet (15’) in an easterly direction and ten feet (10’) in a northerly direction because it violates the St. Charles Parish Code of Ordinances, Appendix A, Section IV(5).

ISSUES

The issues presented are:
1. Did the trial court err in allowing the plaintiff, St. Charles Parish, to amend its petition to allege that the defendant’s fence violates the August, 1998 amendment to Appendix A, Section IV(5) of the St. Charles Parish Code after the close of evidence;
2. Is the defendant’s lot a corner lot, and thus subject to Appendix A, Section IV(5) *277 of the St. Charles Parish Code before the August, 1998 amendment?

FACTS AND PROCEDURAL HISTORY

On September 25, 1995, St. Charles Parish filed a petition against Edward Young alleging that he was the owner of property described as “Lot 1209, Square 31, | gOrmond Country Club, Destrehan, St. Charles Parish, Louisiana.” The Parish further alleged that Mr. Young had a fence on his property which violated the St. Charles Parish Code of Ordinances, Appendix A, Section IV(5). On June 24, 1996, the Parish filed a supplemental and amending petition adding Connie H. Mez-zic as a defendant, alleging that she owned the property described. At trial, the trial court found that Ms. Mezzic owned the property, and thus, dismissed Edward Young.
On September 14, and 21,1998, trial was held to determine whether the defendant’s fence violated the St. Charles Parish Code of Ordinances, Appendix A, Section IV(5). It is important to note that when the petition was filed, the ordinance referred to stated,
A residential fence erected within the required front yard setback may not exceed four (4) feet in height. No fence shall be erected so as to block vehicular sight lines. Additionally, no fence will be permitted on corner lots within twenty (20) feet of the intersection with said twenty (20) feet to be measured from the property corner along the front and side property lines.
The ordinance failed to define “vehicular sight lines” or to set out definite construction specifications which would prevent the erection of fences which block “vehicular sight lines.” Frontage is defined as “... the side [of a lot] nearest the street. For the purposes of determining yard requirements on corner lots and through lots, all sides of a lot adjacent to streets shall be considered frontage, and yards shall be provided as indicated in district regulations.” St. Charles Parish Code of Ordinances, Section III (26.5).
On August 17, 1998, Section IV(5) was amended “to provide for clear construction specifications” to prevent the construction of fences which block vehicular sight lines. The ordinance presently states:
Fences: A residential fence erected within the required front yard setback may not exceed four (4) feet in height. No fence shall be erected so as to block vehicular sight fines, as defined in AASHTO (American Association of State Highway and Transportation Official Manual). Additionally, no fence will be permitted on corner lots within twenty (20) feet of the intersection with said twenty (20) feet to be measured from the property corner along the front and side property fines.
|3On September 14, 1998, the defendants filed a peremptory exception of no cause of action alleging that the St. Charles Code of Ordinances, Appendix A, Section IV(5) was unconstitutional. At the trial’s conclusion, the trial court held the first sentence of the ordinance, in effect when the lawsuit was filed, unconstitutional because it failed to put the defendant on notice as to what travel sight fines should be considered when constructing, removing, or re-constructing his fence. The Parish was allowed fifteen (15) days to amend their lawsuit to encompass the August, 1998 amendment. The trial court, then, concluded that the second sentence of the ordinance, referring to requirements for corner lots, was constitutional because it was sufficient to put the defendant on notice as to how close he should erect his fence to the corner intersection of the lot. The trial court further found that the defendant’s fence obstructs the view of drivers and makes the curve, on which defendant’s house is located, dangerous. In addition, the trial court found, based on testimony of J. Michael Dixon, an expert witness in civil engineering, that the defendant’s property is located on a corner lot. Thus, the trial court found that the defendant’s fence violated the St. *278 Charles Parish Code of Ordinances, Appendix A, Section IV(5). Accordingly, the trial court ordered Connie Mezzic to remove or relocate her fence to comply with the specified ordinance within fifteen days from the date the judgment is final. Defendant appeals this judgment.
ISSUE ONE — LAW AND ANALYSIS
Appellant contends “[t]he trial court erred in allowing the Parish fifteen days from the decision of the trial court to amend the original pleadings so as to include a new cause of action.” Appellant’s original brief, p. 5. The trial court’s grant of leave to the Parish to amend its petition is not part of the judgment before us on appeal. It, is only included in the oral reasons for judgment. Reasons for judgment are not part of the official judgment which the trial judge signs or from which appeals are taken. Hamilton v. Hamilton, 97-2909 (La.App. 4th Cir. 6/24/98), 716 So.2d 412. “[A]n appeal is from the judgment, not the reasons for judgment.” State v. Sonat Exploration Co., 27, 592 (La.App.2d Cir.12/6/95), 665 So.2d 718, 722, writ granted, judgment reversed on \ ¿other grounds, 96-0443 (La.4/19/96), 671 So.2d 933 (citations omitted). Accordingly, the grant of leave to the Parish to amend its petition is not before us.
ISSUE TWO — LAW AND ANALYSIS
The issue we must address is whether the appellant’s lot is a corner lot, and, thus subject to the St. Charles Code of Ordinances, Appendix A, Section IV(5). The trial court found that appellant’s lot is a corner lot, and we agree. First, J. Michael Dixon, an expert in civil engineering, testified that appellant’s lot is a corner lot. Second, the appellant’s lot is located on the corner of two streets, Parlange Drive and Oakland. Third, the sale of property states: “... LOT NO. 1200, in SQUARE NO. 31, which square is bounded by OAKLAND DRIVE, WAVERLY PLACE and PARLANGE DRIVE, and forms the corner of Oakland Drive and Parlange Drive,.... ” Last, under Section III (26.5) and IV(5), supra, the appellant’s fence is partially located in the front yard on Par-lange, and, thus must not exceed four (4) feet in height or be within twenty (20) feet of the intersection. Appellant’s fence is not twenty (20) feet from the intersection. Thus, the trial court properly ordered defendant to remove or relocate her fence in accordance with these provisions.
For the reasons assigned, we affirm the trial court’s judgment. Each party shall bear his own costs of this appeal.

AFFIRMED.