CLARENCE E. McMANUS, Judge.
^Plaintiffs, Lloyd Blanke, Jr. and his wife Gertrude Blanke, filed suit against defendant Ramona Duffy and Sheriff Harry Lee, alleging that Ms. Duffy had Mr. Blanke wrongfully arrested and seeking damages for abuse of process. Ms. Duffy reconvened, seeking a temporary restraining order and damages for harassment. Pursuant to a motion for summary judgment, Sheriff Harry Lee was dismissed from this suit.
Although not present in the record before us, it appears that Ms. Duffy filed an exception of failure to state a cause of action. The minute entry of May 5, 2005 states that this exception was heard and granted, and that the trial on defendant’s reconventional demand was continued. The judgment on this exception is also not present in the record; however the record does contain the reasons for judgment, signed by the trial court on May 12, 2005.
Plaintiffs have appealed from the reasons for judgment issued on May 12, 2005. We dismiss this appeal and remand this matter for further consideration.
The record before us contains only the reasons for judgment, and not the judgment itself. Reasons for judgment are not part of the official judgment which lathe trial judge signs or from which appeals are taken. Parish of St. Charles v. Young, 99-411 (La.App. 5 Cir. 12/15/99), 750 So.2d 276.
We also note that a reading of the reasons in this case shows that they cannot be construed as the judgment. A valid judgment must be precise, definite and certain. Jenkins v. Recovery Technology Investors, 02-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d 598. Furthermore, a final appealable judgment must contain de-cretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Id. In this case, the reasons for judgment state that “Therefore, judgment must be rendered in favor of the defendant.” The language does not set forth the relief that is granted or denied. Accordingly, there is no final judgment in the record from which this appeal was taken.
We also note that the alleged judgment would not be final for purposes of immediate appeal. According to the minute entry the exception was heard, but the trial of defendant’s reconventional demand Was not heard, and was continued.
Article 1915 of the Louisiana Code of Civil Procedure provides in pertinent part that:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon- *542 ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
|4The alleged judgment in this case does not adjudicate all the claims of all the parties because there has been no consideration of the reconventional demands filed by Ms. Duffy. Further, there is no designation that the judgment be considered final for purposes of immediate appeal, nor did he make a determination that there is no just reason for delay. There is no final judgment from which an appeal may be taken. Brown & Root v. Matherne, 04-206 (La.App. 5 Cir. 7/27/04), 880 So.2d 77; Eiswirth v. Anthony L. Golemi Contractor, Inc., 02-1060 (La.App. 5 Cir. 1/28/03), 839 So.2d 346.
For the above discussed reasons, this appeal is dismissed. This matter is remanded for further proceedings.

APPEAL DISMISSED, CASE REMANDED.