CLARENCE E. McMANUS, Judge.
|pOn August 10, 2010 plaintiff, MRB Mortgage, Inc. (hereinafter “MRB”), filed a “PETITION FOR DAMAGES, AND RULE TO SHOW CAUSE WHY THE SHERIFF TAX SALE HELD ON MAY 28, 2003 SHOULD NOT BE DECLARED AN ABSOLUTE NULLITY.” In the petition, MRB named as defendants Sheriff Wayne L. Jones of St. John the Baptist Parish in his capacity as Sheriff and Tax Collector (hereinafter “Sheriff Jones”), Janet J. Sam and Femon J. Sam (hereinafter “the Sams”) and Eldridge Bartholomew, Sr. (hereinafter “Bartholomew”). MRB alleged that it had a mortgage “interest” in the property located at 652 West 2nd Street, Laplace, Louisiana, and that the property was sold at a tax sale on December 28, 2003, without proper notification to it. MRB did not allege who the landowner was or who purchased the property in the petition. MRB further alleged that defendants “acted with malice and prior knowledge of Plaintiff interest and intentionally omitted to make a diligent search of the record to contact ^Plaintiff” and it requested damages and attorney fees. In addition, MRB filed a motion in which it requested a preliminary injunction prohibiting “the St. John The Baptist Parish Government, its agents, assigns and representatives from denying services” (utilities and/or permits) to the property as requested by MRB.
In his answer, Sheriff Jones alleged that there were three properties owned by Ernest Bartholomew. The first parcel, identified as Tax Parcel No. 0400029715 was not sold at a tax sale. The second parcel, Tax Parcel No. 0400029723 was sold at a tax sale and subsequently redeemed. The third parcel, Tax Parcel No. 040009145 *1106 contained commercial improvements (a bar), owned by Juanita Roussel. It was that commercial improvement that was sold at a tax sale on May 28, 2003 to the Sams.
Although not styled as a reconventional demand, the answer also contains a request for nullity of a judgment. In the answer, Sheriff Jones alleges that the Sams filed suit to quiet their title, but instead of suing Juanita Roussel, they filed suit against Bartholomew. Sheriff Jones requests that the resultant judgment be declared a nullity alleging that the wrong party was sued.
The trial court conducted a hearing on September 30, 2010. No testimony was taken and no evidence was admitted during the hearing. On November 30, 2010, the trial court rendered judgment granting MRB’s petition to annul the May, 2003 tax sale, and ordered the tax collector to return the purchase price to the Sams. The court also vacated part of a judgment rendered on February 1, 2010 which had granted the Sams’ motion to quiet title. The court further stated that it did not reach the issue of preliminary injunction.
Pursuant to motions for new trial, the court on March 25, 2011, clarified its judgment. The court first noted that the previous hearing had not been a trial and that no testimony was given. The court addressed the Sams’ contention that MRB |4did not have standing in the suit and found it to be without merit. The court then reaffirmed its judgment vacating the tax sale ordering the tax collector to return the purchase price to the Sams.
Both the Sams and Sheriff Jones as tax collector have appealed from these decisions of the trial court. The Sams argue that MRB has no standing to bring suit, that the hearings of September 30, 2010 and January 21, 2010 were materially defective, and that the trial court erred in declaring the tax sale an absolute nullity. Sheriff Jones argues that the trial court erred in ordering the Parish, instead of the recipient, to return the purchase price. MRB as appellee failed to file a brief in this matter. Because we find merit to the argument that the proceedings were fatally defective and the judgments must be vacated, we pretermit the other issues raised by the appellants.
LSA-R.S. 47:2286 provides
No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities. The action shall be brought in the district court of the parish in which the property is located. In addition, the action may be brought as a reconventional demand or an intervention in an action to quiet title under R.S. 47:2266 or as an intervention in a monition proceeding under R.S. 47:2271 through 2280.
Tax sales are presumed valid and the party attacking it bears the burden of proving its alleged invalidity. 3525 North Causeway Blvd. Corp. v. Penney, 07-883 (La.App. 5 Cir. 3/11/08), 982 So.2d 195, writ denied, 08-0771 (La.5/30/08), 983 So.2d 905.
In this case, MRB asserts it is the mortgage holder of property and that it failed to receive notice of the pending tax sale on property. However, MRB challenged the validity of the sale by a rule to show cause. As a result, there was no trial held, but only a hearing at which no testimony was taken and no evidence was admitted. In its amended judgment, the court notes that there was no trial. 1¡/Thus, there was no evidence introduced to show whether there was any service, or any attempt at service to MRB.
At the hearing, it was argued that the tax sale encompassed the commercial improvement on the property, and not the immovable property itself. However, *1107 MRB argues that it has a mortgage on the immovable property, and not on the commercial interest which was allegedly the object of the tax sale. Again, there was no evidence introduced to support MRB’s claim that it had an interest in the property, or even what property, was subject to the tax sale.
In addition, the trial court also vacated a portion of a prior judgment, in a separate proceeding, which had granted a motion to quiet title on behalf of the Sams, again without any evidence introduced by any party. The trial court made reference to that court proceeding; however, the record of that proceeding also was not introduced in this matter.
A review of the judgments at issue reflects that they are final in nature, because they vacate both the tax sale in favor of the Sams, and a portion of the judgment that quieted title in favor of the Sams. To be final, a judgment must determine the merits in whole or in part, and it need not dispose of all contested issues to be ap-pealable. LSA-C.C.P. art. 1841. We find that the trial court’s actions, in rendering a final judgment without conducting a trial at which all parties were allowed to produce evidence, to be error.
Accordingly, we vacate the trial court’s judgments of September 30, 2010 and March 25, 2011 and we remand this matter for further proceedings.

VACATED AND REMANDED