HANS J. LILJEBERG, Judge.
12This lawsuit commenced on August 30, 2010, when plaintiff, MRB Mortgage, Inc. (“MRB”), filed a “Petition for Damages, and Rule to Show Cause why the Sheriff Tax Sale held on May 28, 2003 should not be declared an Absolute Nullity,” against Sheriff Wayne Jones of St. John the Baptist Parish, in his capacity as Sheriff and *203 Tax Collector, and Janet and Femon Sam (“the Sams”). In its petition, MRB alleged that it had a mortgage interest in the property located at 652 West 2nd Street, Laplace, Louisiana, and that the property was sold at a tax sale on May 28, 2003, without proper notification to MRB. MRB sought a judgment declaring the tax sale to be an absolute nullity, as well as damages and attorney fees. It also requested that any subsequent judgment predicated on the tax sale be declared an absolute nullity as well.
Throughout this litigation, the Sams have contended that they purchased both the tract of land and the commercial improvements located at 652 West 2nd Street in Laplace, Louisiana, at the tax sale on May 28, 2003. Eldridge Bartholomew, Sr. was the owner of this tract of land prior to the tax sale. The Sams have also maintained that Sheriff Jones conducted the tax sale according to the applicable law and that the tax sale validly conveyed ownership of the tract of land and the commercial improvements to the Sams.
|sOn September 30, 2010, the trial court conducted a hearing in this matter, but no testimony was taken and no evidence was admitted at the hearing. Thereafter, on November 30, 2010, the trial court rendered a judgment granting MRB’s petition to annul the tax sale of May 28, 2003.
Motions for new trial were filed by the Sams, St. John the Baptist Parish, and Sheriff Jones as tax collector, and they came for hearing before the trial court on January 21, 2011. Again, no testimony was taken and no evidence was admitted at this hearing. On March 25, 2011, the trial court rendered a judgment denying the motions for new trial filed by defendants, stating that the court was reaffirming its finding that the tax sale on May 28, 2003, was an absolute nullity.
The Sams and Sheriff Jones as tax collector filed appeals with this Court to challenge the trial court’s judgments, which ruled that the tax sale on May 28, 2003, was an absolute nullity. In its opinion, this Court vacated the trial court’s judgments finding the tax sale to be an absolute nullity, because no trial was held, no testimony was taken, and no evidence was admitted at the hearings in this matter. MRB Mortgage, Inc. v. Jones, 11-845 (La.App. 5 Cir. 3/13/12), 90 So.3d 1104, 1107. This Court found that the rendering of a final judgment without conducting a trial at which all parties were allowed to submit evidence was error, and this Court remanded the case back to the trial court. Id.
On remand, trial of this matter was held on August 1, 2012, at which testimony was taken and evidence was introduced and admitted. Thereafter, on September 24, 2012, the trial court rendered a judgment denying MRB’s petition to declare the May 28, 2003, tax sale an absolute nullity, and the court provided written reasons for its judgment. The Sams have filed the instant appeal.

14LAW AND DISCUSSION

In their “Motion for Suspensive Appeal,” the Sams state that they agree with the trial court’s denial of MRB’s petition to declare the tax sale an absolute nullity. However, they assert that they disagree with “certain findings” made by the trial court in its reasons for judgment and seek reversal of those findings. In their brief on appeal, the Sams indeed set forth two of the trial court’s findings that they claim to be error.
LSA-C.C.P. art. 2082 defines an “appeal” as “the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” (Emphasis added). The jurisprudence has consistently *204 provided that appeals are taken from a judgment, not the written reasons for judgment. See Greater New Orleans Expressway Commission v. Olivier, 02-2795, p. 3 (La.11/18/03), 860 So.2d 22, 24; Parish of St. Charles v. Young, 99-411, p. 3 (La.App. 5 Cir. 12/15/99), 750 So.2d 276, 278; Wilson v. Wilson, 30,445, p. 13 (La.App. 2 Cir. 4/9/98), 714 So.2d 35, 42. See also LSA-C.C.P. art. 2083. Courts of appeal are constrained to review judgments on appeal. Dawson v. Terrebonne General Medical Center, 10-2130, p. 13 (La.App. 1 Cir. 5/19/11), 69 So.3d 622, 630.
The Sams have clearly indicated that they do not challenge the ruling in the trial court’s September 24, 2012, judgment, denying MRB’s petition to declare the tax sale an absolute nullity. Rather, they disagree with particular factual findings that are contained in the trial court’s “discussion” or reasons for judgment. Specifically, the Sams contend that the trial court erred in. finding that MRB had a valid mortgage on the property and that the trial court erred in finding that the Sams only purchased the commercial improvements and not the tract of land or |sreal property at the tax sale.[1] However, because an appeal lies from a judgment, not written reasons for judgment, we cannot consider the arguments set forth by the Sams on appeal. Accordingly, we must dismiss this appeal.

DECREE

For the foregoing reasons, we dismiss the appeal filed by Janet and Femon Sam.

APPEAL DISMISSED

. We note that neither the Sams nor any other party has filed a- pleading seeking a declaration as to the scope or extent of the tax sale.