WICKER, J.
hln this appeal, plaintiffs seek review of a trial court judgment rendered following a bench trial. Because we find the judgment appealed is not a valid, final judgment, this Court lacks, jurisdiction to consider the merits of plaintiffs’ appeal. Accordingly, we dismiss plaintiffs’ appeal without prejudice and remand this matter to the trial court for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Olga M. Morraz-Blandon and Rosa A. Zamudio-Esparza, filed suit in the Twenty-Fourth Judicial District Court against Guy T. Voiron and Jocelyn Voiron and their insurer, Government Employees Insurance Company (“GEICO”), for damages arising out of an alleged hit-and-run motor vehicle accident in a gas station parking lot in Jefferson Parish. In their original and supplemental petitions, plaintiffs alleged that, as they sat in a vehicle parked at a gas station, defendants’ vehicle suddenly and without warning backed into and struck plaintiffs’ vehicle, causing property damage to the vehicle and personal injuries to both plaintiffs. Plaintiffs also named as a defendant U.S. Agencies Casualty Insurance Company as the uninsured/underinsured motorist .insurer for plaintiff-driver’s vehicle, asserting that U.S. Agencies provided UM coverage for damages not covered by defendants’ GEI-CO policy.
The matter proceeded to a bench trial, the Honorable Donald Rowan presiding, on February 10, 2015. Following the bench trial, Judge Rowan immediately recessed, making no factual findings. Following the recess, Judge Rowan did not return to the courtroom to render his judgment. Rather, the record reflects that the “judgment [was] given out in open court” by the civil minute clerk. The written judgment was signed on February 10, 2015, and provided:
Considering the law and the evidence, this Court finds no liability on the part of Defendants. Therefore,
PIT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment be entered in favor of Defendants.

DISCUSSION

Upon review of the trial court judgment, we find that the judgment does not sufficiently state the relief granted and is, thus, not a- valid final, appealable judgment. Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915. This Court has held that “we cannot reach the merits of an appeal unless our appellate court jurisdiction has been properly invoked by a valid final judgment.” Id.
A valid judgment must be precise, definite and certain. Blanke v. Duffy, 05-829 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541 (citation omitted). The jurisprudence is clear that a final judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. The specific relief granted or denied should be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment. Id. *1222 “The result decreed must be spelled out in lucid, unmistakable languaget, and] ... [t]he quality of definiteness is essential to a proper judgment.” Input/Output Marine Systems, Inc., 52 So.3d at 916. (Citations omitted.)
We find that the judgment at issue does not precisely and definitively state the relief granted or denied. The judgment at issue does not dismiss plaintiffs’ petition, nor does it specifically find in favor of all defendants. Based upon the face of the judgment alone, it is not “precise, definite, and certain” whether the trial [.judge considered plaintiffs’ UM coverage claim against U.S. Agencies or simply considered plaintiffs’ liability claims against the Voi-rons, as owners of the defendants’ vehicle, and their liability insurer, GEICO.[1] Therefore, the specific relief granted or denied, e.g., the dismissal of all of plaintiffs’ claims against all named defendants, is not determinable from the language of the judgment appealed. Accordingly, because the trial court has not issued a valid, final judgment in this case, we find that this Court lacks jurisdiction to consider the merits of. plaintiffs’ appeal. We dismiss this appeal and remand this matter to the trial court for further proceedings consistent with this opinion.

APPEAL DISMISSED; MATTER REMANDED

. This question is further complicated by the fact that the trial judge, sitting as the fact-finder in a bench trial, made no oral or written factual findings as to plaintiffs’ claim that a hit-and-run accident occurred. Nevertheless, “[jurisprudence reflects a well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment and that appellate courts review judgments, not reasons for judgment." Claiborne Med. Corp., 113 So.3d at 1112-13. "The written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed....” Id., quoting Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507, 572.