WICKER, J.
hln this worker’s compensation proceeding, claimant appeals the Office of Worker’s Compensation’s October 28, 2015 ‘Written Reasons for Judgment.” Because *1185 we find the judgment appealed is not a valid, appealable judgment, this Court lacks jurisdiction to consider the merits of claimant’s appeal. Accordingly, we dismiss claimant’s appeal without prejudice and remand this matter to the trial ‘court for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
This worker’s compensation litigation arises out of a 2008 injury claimant, Mr. Carl Gabriel, sustained while in the course and scope of-his employment with defendant, Delta Air Lines,.Inc. On October 31, 2011, the OWC issued a judgment finding that an accident occurred and further ordering the following:
... the claimant’s average weekly wage shall be calculated using an hourly rate of $10.50 for a 40 hours work week, and it shall include claimant’s bonus and shared rewards from the employer.
Delta appealed the 2011 OWC judgment, arguing that the OWC erred in applying the “40-hour presumption in La. R.S. 23:1021(12)(a)(i) to increase the average weekly wage based on Mr. Gabriel’s disagreement with the earnings documentation, and to increase the average weekly wage based upon ‘shared rewards’ or other benefits.” On appeal, this Court affirmed the 2011 OWC judgment. Gabriel v. Delta Air Lines, 12-428 (La.App. 5 Cir. 1/30/13), 106 So.3d 1285. However, both the October 31, 2011 OWC judgment and this Court’s opinion on appeal are silent regarding the specific amount of “shared rewards” or “bonus” to include in Mr. Gabriel’s average weekly wage calculation.
Following this Court’s decision on appeal, Delta made indemnity payments to Mr. Gabriel based upon its calculation of his weekly wage, including its determination of the shared rewards and bonus to be included. Mr. Gabriel disagreed with Delta’s determination of his weekly wage and filed a disputed claim |2under Docket No. 14-00049. On July 31, 2015, the worker’s compensation judge conducted a hearing on Mr. Gabriel’s claim, after which the judge took the matter under advisement.
On October 28, 2015, the OWC judge issued “Written Reasons for- Judgment,” setting forth the procedural history of the case and finding that Mr. Gabriel failed to meet his burden to prove that he received any bonus payment to be used in his weekly wage calculation. At the conclusion of the written reasons is the following language:
Judgment is therefore rendered finding that Carl Gabriel’s average weekly wage is $429,73 which includes consideration of shared rewards and bonus, of which there was none.
Attorney Kelly F. Walsh is directed to draft a judgment for the undersigned’s signature in accordance with these written reasons.
The appellate record contains no judgment drafted by either party as ordered by the worker’s compensation judge. Further, an October 29, 2015 minute entry reflects that the OWC scheduled a hearing for that date to render an “oral ruling,” but that the hearing did not take place. For the following reasons, we find that the OWC’s October 28, 2015 “Written Reasons for Judgment” is not a valid, appealable judgment and that this Court lacks jurisdiction to consider the merits of Mr. Gabriel’s appeal.
DISCUSSION
Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter-jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915. This Court has held that “we cannot reach the merits of an appeal unless our appellate court juris *1186 diction has been properly invoked by a valid final judgment.” Id.
First, “it is well settled that a trial court’s judgment and reasons for judgment are two separate and distinct legal documents, and appeals are taken from the | ¡judgment, not the written reasons for judgment.” McCalmont v. Jefferson Parish Sheriffs Office, 99-940 (La. App. 5 Cir. 1/12/00), 748 So.2d 1286, 1290, writ denied, 00-0679 (La. 4/20/00), 760 So.2d 1160. Further, Louisiana jurisprudence is clear that a final, appealable judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Claiborne Medical Corp. v. Siddiqui, 12-769 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. A valid judgment must be precise, definite and certain. Blanke v. Duffy, 05-829 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541.
Upon review of the record in this matter, we find that, even looking beyond the titled “Written Reasons for Judgment,” the October 28, 2015 pleading lacks the required decretal language to constitute a valid, final judgment. Although the written reasons state “judgment is therefore rendered finding that Gabriel’s average weekly wage is $429.73 which includes consideration of shared rewards and bonus,” that language makes a factual determination but does not state “the specific relief granted,” “the party in favor of whom the ruling is ordered,” or “the party against whom the ruling is ordered.” Therefore, we find that the language contained in the October 28, 2015 “Written Reasons for Judgment” is insufficient to constitute the required decretal language for a valid, appealable judgment. See Morraz-Blandon v. Voiron, 16-112 (La.App. 5 Cir. 08/25/16), 199 So.3d 1220, 2016 WL 4496987, 2016 La. App. LEXIS 1594. Accordingly, we find that this Court lacks jurisdiction to consider the merits of Mr. Gabriel’s appeal. This appeal is dismissed and this matter is remanded to the OWC for further proceedings consistent with this opinion.
APPEAL DISMISSED; MATTER REMANDED