WINDHORST, J.
*1215 Appellants/defendants, Belah Richard Slade and Richard Slade, LLC d/b/a Richard Slade Construction, appeal the trial court's March 28, 2018 judgment denying the motion for new trial. For the reasons that follow, we find this Court lacks appellate jurisdiction to consider the merits of appellants' appeal.
Facts and Procedural History
On June 6, 2012, appellee/plaintiff, Dieudonne Enterprises, Inc., filed a "Petition for Damages, Breach of Contract, Civil Conversion, Fraud, and Attorney Fees" against appellants, Belah Richard Slade d/b/a Richard Slade Construction and Richard Slade, LLC. The petition alleged that appellants wrongfully converted $73,500.00 in deposits made by appellee to appellants regarding an Atmos Entergy construction project at 101 Airline Highway, in Metairie, commencing in January 2011. The petition asserted claims against appellants for unjust enrichment, conversion, breach of contract, open account, and civil fraud. On July 2, 2012, Richard Slade LLC d/b/a Richard Slade Construction filed an answer and exceptions of no right and no cause of action as to Belah Richard Slade, individually. In response, appellee filed a motion to strike the exceptions. On September 20, 2012, counsel for Richard Slade LLC d/b/a Richard Slade Construction withdrew the exceptions of no right and no cause of action, rendering appellee's motion to strike moot. The trial court ordered counsel to file an answer within ten days on behalf of Mr. Slade, individually, which was filed by counsel on September 24, 2012.
On February 26, 2013, the parties entered into a consent judgment (hereinafter "2013 Consent Judgment"). The 2013 Consent Judgment provided, in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of plaintiff, Dieudonne Enterprises, Inc. in the amount of $40,00.00, forty-thousand dollars ($40,000.00), inclusive of all claims set forth in case number 715-641, Div. "F."
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event this $40,000.00 is not paid in full within nine months of the signing of this consent judgment, this judgment will accellerate [sic] to $50,000.00 payable on or before the twelve month anniversary of the signing of this consent judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event said consent judgment is not paid in full on or before the twenty four month anniversary of this consent judgment, the unpaid principal balance will double and continue to double on each anniversary of this consent judgment thereafter until paid in full . (Emphasis added.)
On February 27, 2018, five years after the 2013 Consent Judgment, appellants filed a motion for new trial contending: (1) the motion for new trial was timely under *1216 La. C.C.P. art. 1974 because the notice of judgment was never mailed by the clerk of court to counsel for appellants under La. C.C.P. art. 1913 ; and (2) the "doubling" provision amounts to prohibited usurious interest under La. R.S. 9:3500, et seq. ,[1] rendering the consent judgment an absolute nullity. In the motion, appellants stated that Mr. Slade made the first payment in the amount of $15,000.00 on March 12, 2014. Appellants contended that on August 27, 2014, counsel for appellee sent a letter stating that appellants now owed appellee $50,000.00 plus thirty-five percent (35%) attorney's fees, less a credit for his one $15,000.00 payment. Appellants claimed that additional discussions were held with appellee over the course of several months about appellants paying off the judgment. Appellants contended that two more checks for $15,000.00 each, totaling $30,000.00 were delivered to appellee. Appellants argued that $45,000.00 has been paid towards the judgment. In the motion, appellants contended that according to appellee, they currently owed appellee $320,000.00 exclusive of attorney's fees, judicial interest, and costs. Based on the alleged usurious term of the consent judgment, appellants requested that the motion for new trial be granted for re-argument only with respect to the "doubling" provision of the consent judgment under La. R.S. 9:3500, et seq. , or alternatively requested the trial court to grant the motion for new trial.
Appellee filed an opposition to the motion for new trial arguing: (1) that a party to a consent judgment cannot directly appeal the judgment; rather the party must first invalidate his consent; (2) since there is no appeal from a consent judgment, the clerk of court was not obligated to issue notices of judgment to initiate delays for a motion for new trial or appeal; (3) motion for new trial is not applicable because there was no trial or considered decree; and (4) even if motion for new trial is procedurally proper, which appellee denies, the agreement and payment between the parties were commercial in nature and as such are exempt from usury limitations.
After a contradictory hearing, the trial court denied the motion for new trial finding that (1) the 2013 Consent Judgment "was an agreed to contract" between the parties; (2) the parties "had the information available to them at that time;" and (3) the judgment was signed in 2013 and this motion for new trial was filed five years after the judgment.
On April 3, 2018, appellants filed a motion for devolutive appeal of the March 28, 2018 judgment denying the motion for new trial. On appeal, appellants contend that the underlying 2013 Consent Judgment should be declared an absolute nullity as it is against public policy and contra bonos mores because it contains a prohibited usurious term. While this argument may have merit, for the following reasons, we find this Court lacks appellate jurisdiction to consider the merits of appellants' appeal.
Discussion
Generally, the denial of a motion for new trial is an interlocutory judgment which is not appealable. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 151, citing Pignona v. Farber, 13-192 (La. App. 5 Cir. 10/9/13), 128 So.3d 390, 395-396. Nevertheless, in cases in which the motion for appeal refers to a specific judgment denying a motion for new trial, but the appellant exhibits a clear intention to appeal the *1217 underlying judgment on the merits, then this Court has invoked its appellate jurisdiction to review the underlying judgment. 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 15-686 (La. App. 5 Cir. 2/24/16), 187 So.3d 522, citing Burns, 165 So.3d at 151-52 ; Pignona, 128 So.3d at 395-396. In this case, appellants have evidenced a clear intent to appeal the underlying 2013 Consent Judgment. However, upon review of the record, we find that the underlying judgment at issue, the 2013 Consent Judgment, lacks decretal language and thus, is not a valid, final appealable judgment.
Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915. This Court has held that "we cannot reach the merits of an appeal unless our appellate court jurisdiction has been properly invoked by a valid final judgment." Id.; Gabriel v. Delta Air Lines, Inc., 16-210 (La. App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185-1186 ; Morraz-Blandon v. Voiron, 16-112 (La. App. 5 Cir. 8/25/16), 199 So.3d 1220, 1221.
A valid judgment must be precise, definite and certain. Blanke v. Duffy, 05-829 (La. App. 5 Cir. 3/28/06), 927 So.2d 540, 541. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Claiborne Medical Corp. v. Siddiqui, 12-759 (La. App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112 ; Blanke ,supra. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. City of Gretna v. Morice, 13-85 (La. App. 5 Cir. 10/30/13), 128 So.3d 468, 470, citing Input/Output Marine Sys., 52 So.3d at 916 ; Babin v. State Farm Mutual Automobile Insurance Company, 11-192 (La. App. 5 Cir. 9/27/11), 76 So.3d 100, 102. Additionally, the failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced. Input/Output Marine Sys., 52 So.3d at 916 ; Borg-Warner Acceptance Corp. Through Borg-Warner Leasing v. Whitlow Truck Center, Inc. , 508 So.2d 857, 859 (La. App. 5 Cir. 1987).
Upon our review of the 2013 Consent Judgment in this case, we find that the judgment at issue lacks the necessary decretal language and thus, is not a valid, final judgment. Specifically, we find that the judgment does not name the party or parties against whom the judgment is rendered. The party or parties cast in judgment cannot be assumed from the caption or "title" of the case. Here, more than one defendant is named in the suit-Belah Richard Slade, individually, as well as Richard Slade, LLC d/b/a Richard Slade Construction-but the 2013 Consent Judgment as issue does not state against which defendant the judgment is rendered. Further, even in cases in which there is only one named defendant, it cannot be assumed that there are no other third-party or other ancillary parties which could be cast to pay a judgment without review of the entire record.
Moreover, the specific relief granted, including the "doubling" provision which appellant contends is against public policy, is subject to multiple interpretations and on its face is not determinable without reference to extrinsic sources to determine the parties' intent.
*1218 Conclusion
Accordingly, because we find the 2013 Consent Judgment is not a valid, final appealable judgment, we do not have appellate jurisdiction to consider the merits of the appeal and we hereby dismiss this appeal.
APPEAL DIMISSED

La. R.S. 9:3500 defines legal interest and states that conventional interest cannot exceed twelve percent per annum. La. R.S. 9:3501 provides "Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.