IN RE MATTER UNDER INVESTIGATION BY
THE JEFFERSON PARISH OFFICE OF
INSPECTOR GENERAL NO. 2018-0028

C/W

MARK SPEARS

VERSUS

JEFFERSON PARISH OFFICE OF
INSPECTOR GENERAL

NO. 19-CA-485

C/W

19-CA-486

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 789-232 C/W 793-101, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

December 11, 2019

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED**
  **SJW**
  **FHW**
  **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
JEFFERSON PARISH OFFICE OF INSPECTOR GENERAL
    Kim C. Raines Chatelain

COUNSEL FOR DEFENDANT/APPELLEE,
COUNCILMAN MARK SPEARS
    Richard T. Simmons, Jr.
    W. Evan Plauche'
    Michael L. Cohen

**WINDHORST, J.**

Appellant, the Jefferson Parish Office of Inspector General ("JPOIG") appeals the trial court's June 21, 2019 judgment granting the petition for declaratory judgment filed by Councilman Mark Spears, an elected member of the Jefferson Parish Council, and ordering the JPOIG to provide Councilman Spears a "fair description of the subject matter of the subpoena *ad testificandum*, and of any documents to be reviewed during his interview, so that he may assert any legislative privilege that may exist prior to being interviewed." Appellee, Councilman Spears, has filed a Contested Motion to Dismiss Appeal for Lack of Jurisdiction and to Suspend Briefing Delays, arguing that on October 21, 2019, this Court vacated the June 21, 2019 judgment and remanded the matter for further proceedings. Therefore, he argues that this Court lacks jurisdiction. Finding that the June 21, 2019 judgment was vacated on October 21, 2019, we grant the motion and dismiss this appeal.

**FACTS AND PROCEDURAL HISTORY**

The JPOIG is a department of the Jefferson Parish government created by Jefferson Parish Code of Ordinances ("JPCO") §2-155.10. The JPOIG may make investigations and examinations, within or outside of the State of Louisiana as it deems necessary, in order to carry out the duties of its mandate under law, and may gather evidence in any legally appropriate manner. La. R.S. 33:9613 A(1). In the performance of its duties, an office of inspector general may compel the attendance of witnesses to be deposed under oath by issuing a subpoena upon judicial approval from the trial court. La. R.S. 33:9613 A(3). If a person refuses to obey a subpoena issued by the JPOIG, the trial court may issue an order requiring the person to appear before the trial court to show cause why an order shall not be issued ordering such person to obey the subpoena. Id.

Councilman Spears is an elected official and is subject to the jurisdiction of the JPOIG. La. R.S. 33:9613. It is the duty of every official to cooperate with the JPOIG in any investigation. JPCO §2-155.10(19). JPOIG has asserted that commencing in 2018, it made several attempts, to no avail, to schedule an interview with Councilman Spears in regards to an open matter under the investigative jurisdiction of the JPOIG.

Pursuant to La. R.S. 33:9613 A(3), the JPOIG initiated a summary proceeding by filing a motion for subpoena *ad testificandum* in the 24th Judicial District Court, *In re* Matter Under Investigation by the Jefferson Parish Office of Inspector General, case number 789-232, Division "I," seeking approval from the trial court for the issuance of a subpoena *ad testificandum* to Councilman Spears. On November 30, 2018, the trial court granted an order authorizing the JPOIG to issue the subpoena *ad testificandum*. Councilman Spears was served with the subpoena ordering him to appear at the JPOIG's office on December 7, 2018 to be interviewed, to which Councilman Spears did not appear. On December 12, 2018, the JPOIG filed a Motion for Show Cause Hearing on Subpoena *Ad Testificandum*, which was set for January 10, 2019. The matter was continued without date on Councilman Spears' unopposed motion to continue and reset hearing.

On March 14, 2019, Councilman Spears filed a Petition for Declaratory Judgment, an ordinary proceeding, in the 24th Judicial District Court entitled Mark Spears v. Jefferson Parish Office of Inspector General, No. 793-101, Division "A." The petition sought a judgment declaring that prior to being interviewed, Councilman Spears is entitled to a fair description of the subject matter of the subpoena *ad testificandum* and of any documents to be reviewed in regards with his interview, in order that he may be able to evaluate whether the subject matter or documents may be subject to any legislative immunity or privilege afforded him by law.

On March 27, 2019, the JPOIG filed a motion to reset hearing on its subpoena *ad testificandum* and for sanctions. JPOIG's motion was set for hearing on April 25, 2019. Councilman Spears filed an opposition. On April 25, 2019, JPOIG's rule to show cause on its subpoena *ad testificandum* and for sanctions was continued to May 30, 2019.

On April 30, 2019, the JPOIG filed a motion to transfer and consolidate the petition for declaratory judgment pending in Division "A," with the rule to show cause on the JPOIG's subpoena *ad testificandum* and for sanctions in Division "I." The trial court set the motion to transfer and consolidate for hearing on May 30, 2019.

On May 30, 2019, the trial court granted the motion to consolidate. The same day, the trial court in Division "A" agreed to transfer the petition for declaratory judgment to Division "I" and a judgment was signed transferring and consolidating the matters. After argument of counsel, the trial court also granted the petition for declaratory judgment ordering the JPOIG to provide a fair description to Councilman Spears as to the subject matter in order that he may assert any privilege prior to being interviewed, and a fair description of any documents which will be reviewed with Councilman Spears during the interview. On June 21, 2019 the trial court issued a written judgment granting Councilman Spears' petition for declaratory judgment.

JPOIG filed a request for written reasons and a notice of intent to seek supervisory writs of the trial court's June 21, 2019 judgment. On July 19, 2019, the trial court issued written reasons in which the trial court stated that Councilman Spears' petition for declaratory judgment came before the trial court on May 30, 2019. By separate motion and order filed on July 19, 2019, the JPOIG also filed a motion for appeal of the June 21, 2019 judgment. JPOIG's writ application was

filed with this Court on July 29, 2019. The appeal was lodged with this Court on October 3, 2019.

On October 21, 2019, after considering JPOIG's supervisory writ application seeking review of the June 21, 2019 judgment, this Court granted the writ for the limited purpose of vacating the trial court's June 21, 2019 judgment and remanding the matter for further proceedings. *In re* Matter Under Investigation by the Jefferson Parish Office of Inspector General c/w Mark Spears v. Jefferson Parish Office of Inspector General, 19-359 (La. App. 5 Cir. 10/21/19) (unpublished writ disposition).

On appeal, the JPOIG seeks review of the trial court's June 21, 2019 judgment. Councilman Spears filed a contested motion to dismiss this appeal asserting that because the trial court's June 21, 2019 judgment was vacated by this Court on October 21, 2019, this Court now lacks jurisdiction and the appeal should be dismissed pursuant to La. C.C.P. art. 2162. The JPOIG filed an opposition to the motion to dismiss arguing that "the basis for the court's jurisdiction is the order granting an appeal which was signed on July 22, 2019."

**DISCUSSION**

Before considering the merits in any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This Court cannot reach the merits of an appeal unless our jurisdiction has been properly invoked by a valid final judgment. Id.; Gabriel v. Delta Air Lines, Inc., 16-210 (La. App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185-1186; Morraz-Blandon v. Voiron, 16-112 (La. App. 5 Cir. 08/25/16), 199 So.3d 1220, 1221; See also La. C.C.P. art. 2083.

After review of this matter, we find that the June 21, 2019 judgment appealed in this case was previously vacated by this Court on October 21, 2019, leaving no judgement for this Court to review on appeal. We therefore lack appellate

jurisdiction in this matter. Accordingly, Councilman Spear's motion to dismiss appeal is granted, and this appeal is dismissed.

**<u>MOTION TO DISMISS GRANTED; APPEAL DISMISSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 11, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-CA-485
### C/W 19-CA-486

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
KIM C. RAINES CHATELAIN (APPELLANT)      RICHARD T. SIMMONS, JR. (APPELLEE)

## MAILED

W. EVAN PLAUCHE' (APPELLEE)          MICHAEL L. COHEN (APPELLEE)
ATTORNEYS AT LAW                     ATTORNEYS AT LAW
ONE GALLERIA BOULEVARD               ONE GALLERIA BOULEVARD
SUITE 1400                           SUITE 1400
METAIRIE, LA 70001                   METAIRIE, LA 70011