FREDERICKA HOMBERG WICKER, Judge.
On February 18, 2010, plaintiffs, Claiborne Medical Corporation and Dr. Fiaz Afzal, filed a “Petition for Injunctive and Incidental Relief/’ seeking to enjoin Dr. Afzal’s sister-in-law and former employee, *1111 Gulnaz Siddiqui, from entering Claiborne Medical’s premises or disrupting its business in any manner.[1] On February 25, 2010, Ms. Siddiqui filed an Answer, Re-conventional Demand, and Shareholder’s Derivative Action seeking a judicial declaration that she held a 50% ownership interest in Claiborne Medical along with other requested relief. On April 19, 2012, plaintiffs filed an amended petition, naming as additional defendants Ahmad Siddi-qui, Ms. Siddiqui’s husband and former employee of Claiborne Medical, Siddiqui and Afzal, L.L.C. and Days Inn of Ken-ner, L.L.C. The amended petition sets forth a business relationship between Mr. and Mrs. Siddiqui and Dr. Afzal and alleges that certain business transactions and property transfers were confected under duress as a result of defendants’ threats or misrepresentations surrounding Dr. Af-zal’s immigration status. In their amended petition, plaintiffs seek (1) a judicial declaration that Dr. Afzal is the sole owner of Claiborne Medical; (2) a judicial declaration that Claiborne Medical is the sole owner of two parcels of property in Ken-ner, Louisiana; (3) reimbursement of non-wage amounts paid to the Siddiqui by mistake; (4) judgment against Mr. Siddiqui in the amount of $50,000.00 for payment of a previous loan; (5) the dissolution of certain transfers of property from Claiborne Medical to Afzal and Siddiqui, L.L.C. and Days Inn of Kenner, L.L.C.; (6) damages relating to payments made by Claiborne Medical in connection with investment loans not related to its medical practice; (7) reimbursement of $230,000.00 paid by Claiborne Medical on behalf of defendants for architectural services; and’ (8) damages for Dr. Afzal’s emotional distress re-suiting from defendants’ intimidating actions.
On October 4, 2010, plaintiffs filed a motion for partial summary judgment on the issue of Ms. Siddiqui’s ownership interest in Claiborne Medical. Plaintiffs sought to have a May 25, 2008 document, which purported to transfer a fifty-percent ownership interest in Claiborne Medical to Ms. Siddiqui declared an absolute nullity. On January 3, 2011, the trial court granted plaintiffs’ motion for partial summary judgment, declaring that the purported transfer of fifty-percent ownership interest in Claiborne Medical to Ms. Siddiqui was an absolute nullity and that Ms. Siddiqui, as a non-physician, is prohibited by law to hold an ownership interest in any medical corporation.[2]
The matter proceeded to trial on the remaining issues and, on May 31 ⅝ 2012, the trial judge issued the following judgment:

JUDGMENT

This matter came before the court for trial on March 28, April 9 and April 10, 2012. For the reasons stated in the Reasons for Judgment issued contemporaneously herewith, judgment is hereby entered in favor of plaintiffs for $50,000.00 plus interest as allowed by law.
Plaintiffs are entitled to judgment declaring Dr. Fiaz Afzal the sole owner of Claiborne Medical.
Plaintiffs request for a permanent injunction is denied.
All claims and damages in defendants’ reconventional demand are denied.
We find that the judgment appealed is not a valid, final judgment and, there *1112 fore, this Court lacks jurisdiction to consider the merits of plaintiffs’ appeal. The judgment at issue addresses plaintiffs’ causes of action for (1) repayment of a $50,000.00 loan[3]; (2) a judicial declaration that Dr. Afzal is the sole owner of Claiborne Medical; and (3) a permanent injunction. The judgment also addresses all claims raised by defendants in their recon-ventional demand. However, the judgment does not dispose of all claims asserted by plaintiffs in their amended petition. Specifically, the judgment does not address (1) whether Claiborne Medical is the sole owner of the two parcels of property in Kenner, Louisiana referenced in the amended petition; (2) the request for reimbursement of nonwage amounts allegedly paid to defendants by mistake; (3) the request for dissolution of certain transfers of property from Claiborne Medical to Af-zal and Siddiqui, L.L.C. and Days Inn of Kenner, L.L.C.; (4) damages relating to payments made by Claiborne Medical in connection with investment loans not related to its medical practice; (5) the request for reimbursement of $230,000.00 allegedly paid on behalf of defendants for architectural services; and (6) damages for Dr. Afzal’s emotional distress resulting from defendants’ alleged intimidating behavior.
Since the trial court rendered a partial judgment as to less than all claims asserted, and the judgment has not been designated as a final judgment by the trial court after an express determination that there is no just reason for delay, the judgment at issue is not a final judgment under La. C.C.P. art. 1915 and is not appealable as one “... in which appeals are given by law.” La. C.C.P. art. 2083; See Laviolette v. Dubose, 07-916 (La.App. 5 Cir. 3/25/08), 983 So.2d 160,162.
In her written reasons for judgment, the trial judge addressed additional issues raised in plaintiffs’ amended petition [4]; however, the trial judge’s determinations and findings in her written reasons for judgment are absent from the judgment itself. A final judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Input/Output Marine Systems, Inc. v. Wilson Greatbatch Technologies, Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. The specific relief granted or denied should be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment. Id.; Babin v. State Farm Mutual Automobile Insurance Company, 11-192 (La.App. 5 Cir. 9/27/11), 76 So.3d 100, 102. Jurisprudence reflects a well-settled rule that the district court’s oral or written reasons for judgment form no part of the judgment and that -appellate courts review judgments, not reasons for judgment.[5] Wooley *1113 v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507, 572; Bellard v. American Cent. Ins. Co., 07-1335 p. 25 (La.4/18/08), 980 So.2d 654, 671; Alvarez v. Clasen, 06-304 (La.App. 5 Cir. 10/31/06), 946 So.2d 181, 184. “The written reasons for judgment are merely an explication of the trial court’s determinations. They do not alter, amend, or affect the final judgment being appealed.... ” Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d at 572, citing State in the Interest of Mason, 356 So.2d 530, 532 (La.App. 1 Cir.1977).
Because this court lacks jurisdiction in the absence of a final, appealable judgment, this appeal is dismissed without prejudice. This matter is remanded to the trial court so that a proper final judgment may be rendered.

APPEAL DISMISSED; REMANDED

. The trial court issued a temporary restraining order and a preliminary injunction was subsequently ordered by consent of the parties. As reflected in the trial court's May 31, 2012 judgment, plaintiffs request for a permanent injunction was denied.

. Defendants sought supervisory review of that judgment and, on April 27, 2011, this Court denied defendants' writ application.

. We further find that the May 31, 2012 trial court judgment awarding $50,000.00 in favor of plaintiffs does not specify the party or parties against whom such judgment is rendered as required by La. C.C.P. art. 1918.

. In her written reasons for judgment, the trial judge additionally found that (1) Claiborne Medical is sole owner of one parcel of property referenced in plaintiffs' amended petition; (2) plaintiffs did not enter into any business transactions with defendants as a result of intimidation or duress; (3) Claiborne Medical is not entitled to any restoration payments under La. C.C. art. 2033; and (4) plaintiffs are not entitled to reimbursement of any nonwage amounts paid to the Siddiquis.

.Additionally, parties may not rely on Reasons for Judgment in further related proceedings. Metairie Carnival Club, Inc.v. Lundgren, 12-246 (La.App. 5 Cir. 10/20/12), 102 So.3d 999, 1002. Specifically, in this case, plaintiffs seek judgment declaring Claiborne Medical as the sole owner of certain parcels of property in Kenner, Louisiana. Although the trial judge, in her reasons for judgment, finds that one such property at issue was transferred to *1113 Claiborne Medical on May 28, 2008, Claiborne Medical will be unable to rely solely on the trial judge's written reasons for judgment to enforce its sole ownership of that property.