16-179 (La.App. 5 Cir. 12/7/16)
**Keith GREEN, Jr.**

v.

**Demond LEE, in his Official Capacity as Chairman of the Committee to Recall Bridget A. Dinvaut, District Attorney for the Parish of St. John the Baptist and Patricia M. Trosclair, in her Official Capacity as Vice–Chairman of the Committee to Recall Bridget A. Dinvaut, District Attorney for the Parish of St. John the Baptist**

**NO. 16–CA–179**

Court of Appeal of Louisiana,
Fifth Circuit.

December 07, 2016

---

COUNSEL FOR PLAINTIFF/APPEL-LANT, KEITH GREEN, JR., Keith Green, Jr.

COUNSEL FOR DEFENDANT/AP-PELLEE, DEMOND LEE, ET AL, Kevin P. Klibert

Panel composed of Susan M. Chehardy, Robert M. Murphy, and Stephen J. Windhorst

## WINDHORST, J.

Appellant, Keith Green, Jr., appeals a judgment signed November 17, 2015, which purportedly rescinds a previous award of attorney fees. For the reasons that follow, this appeal is dismissed without prejudice, the November 17, 2015 judgment is vacated, and the matter is remanded for further proceedings.

On March 5, 2015, appellant filed a petition for declaratory judgment brought pursuant to La. R.S. 44:35A[1] to obtain a copy of any public record as stated in La. R.S. 18:1300.5B.[2] The petition was filed against

---

1. La. R.S. 44:35A provides: "Any person who has been denied the right to ... obtain a copy ... of a record under the provisions of this Chapter, ... may institute proceedings for ... declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located."

2. La. R.S. 18:1300.5 provides: "Upon the signature of the first elector, the recall petition, including the name, address, and signature of each elector who has signed thereon, shall be

the appellees, the chairman, Demond Lee, and the vice chairman, Patricia M. Trosclair, of the Committee to Recall Bridget A. Dinvaut, District Attorney for the Parish of St. John the Baptist. Appellant contended that he sent a public records request to appellees which was received, but he did not receive a copy of the requested documents, in violation of La. R.S. 44:31B(2) and La. R.S. 44:32C(1)(a). Among other requested relief, appellant sought an award of reasonable attorney fees, in accordance with the mandate of La. R.S. 44:35D. Appellees were served with the petition and the rule setting the matter for contradictory hearing on March 30, 2015. Neither appellee appeared for the hearing. Appellant presented his case to the trial court and on April 10, 2015, the trial court entered a judgment in favor of appellant and against appellees, and awarded monetary relief to appellant, including attorney fees.

On April 29, 2015, appellee, Mr. Lee, in proper person, filed a motion for new trial and to rescind the judgment.[3] After a hearing on the matter, the trial court ₂took the matter under advisement. On November 17, 2015, the trial court signed a judgment providing the following:

> **IT IS ORDERED, ADJUDGED AND DECREED** that defendants' **Motion for New Trial and To Rescind** the **Judgment** is **DENIED**
>
> The judgment rendered by the court is not contrary to law. There has been no showing that the judgment was obtained through fraud and ill-practices.
>
> **FURTHER, IT IS ORDERED** that the court's previous award of attorney

fees is hereby **RESCINDED.** "Recovery of attorney fees is not available to one who represents himself because attorney has incurred no-out of pocket expenses." (Footnote omitted.) All other monetary awards, i.e. court costs and civil penalties, are still valid and enforceable. (Emphasis in original.)

This appeal by appellant followed.

**Discussion**

■ A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. La. C.C.P. art. 1841. This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid, final judgment. Oregan v. Cashio, 15–612 (La.App. 5 Cir. 1/27/16), 185 So.3d 885, 887. A final judgment shall be identified as such by appropriate language. La. C.C.P. art. 1918.

■ A valid judgment must be precise, definite, and certain. Blanke v. Duffy, 05–829 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541. A final judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Claiborne Medical Corp. v. Siddiqui, 12–759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. The specific relief granted should be determinable without reference to an extrinsic source such as pleadings or reasons for judgment. Id.

■ The purported November 17, 2015 judgment on appeal contains conflicting

---

a public record. The chairman, or the vice chairman when acting as the chairman, shall be the custodial thereof. The petition and the custodian shall be subject to all of the provisions of R.S. 44:31 et seq."

**3.** Appellee's motion for new trial was found to be timely because the Clerk of Court did not mail a notice of judgment with the April 10, 2015 judgment, and therefore the delay for applying for new trial never commenced to run against the appellee.

decretal language in that it states the motion for new trial and to rescind the judgment is denied, but it includes language which rescinds the previous award of attorney fees. The judgment maintains all other monetary awards previously awarded. Furthermore, the judgment does not state who the ruling is in favor of, who it is against, and the specific relief granted. The failure to provide this specific language renders this judgment fatally defective because one cannot discern on its face against whom the judgment may be enforced and the specific relief granted without referring to the prior judgment of April 10, 2015. We find the November 17, 2015 judgment is not a valid, final appealable judgment. This Court therefore lacks jurisdiction to consider the merits of appellant's appeal.

However, pursuant to La. Const. art. V, § 10, this Court has supervisory jurisdiction over cases which arise within its circuit. Accordingly, we exercise our supervisory jurisdiction to vacate the defective November 17, 2015 judgment solely for the reasons set forth above, and remand this matter for further proceedings.

**Conclusion**

For the reasons stated above, this appeal is dismissed without prejudice, the November 17, 2015 judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.

APPEAL DISMISSED; JUDGMENT VACATED; REMANDED