WINDHORST, J.
11 Appellant, Mary Hazelett, appeals from the trial court’s judgment granting appellee’s, Louisiana-I Gaming, a Louisiana Partnership in Commendam, d/b/a Boomtown Casino New' Orleans’ (“Boomtown”), motion for summary judgment and dismissing Ms. Hazelett’s claims against Boomtown with prejudice.[1] For the reasons that follow, we affirm.
Facts and Procedural History
On April 9, 2013, Ms. Hazelett and her sister, Sharon Lavigne, were patrons at Boomtown’s buffet restaurant.[2] Prior to sitting at a booth at the back of the restaurant, Ms. Hazelett observed caution signs around the buffet area. Ms. Hazelett made three to four trips to and from the booth to the buffet area. The floor of the seating area is carpeted, and the buffet area is tile. After she finished eating, Ms. Hazelett walked across the carpeted area to the entrance/exit of the restaurant. As she was exiting, she stepped from the carpeted floor onto the scored concrete floor of the *450 main hallway of the property and she slipped and fell. Ms. Hazelett filed a petition for damages contending that a foreign substance in a form of “food particles/grease” collected on her shoes from underneath the booth which [2ultimately caused her to slip and fall. She claimed the foreign substance underneath the booth presented an unreasonable risk of harm that was reasonably foreseeable to Boom-town and Boomtown failed to exercise reasonable care to keep the restaurant’s floor, especially underneath the booth, in a reasonably safe condition.
Boomtown filed an answer and affirmative defenses. On November 4, 2015, Boomtown filed its motion for summary judgment contending that Ms. Hazelett could not prove that: (1) any alleged grease created an unreasonable risk of harm that was reasonably foreseeable to Boomtown; (2) Boomtown had actual or constructive notice of the alleged grease; and (3) Boomtown failed to exercise reasonable care in correcting or warning of said condition. Ms. Hazelett filed an opposition and amended opposition to the motion contending that there were numerous genuine issues of material fact that precluded granting Boomtown’s motion for summary judgment. On January 20, 2016, the trial court granted Boomtown’s motion for summary judgment and the judgment was signed on January 26, 2016. This appeal followed.
Discussion
In her sole assignment of error, Ms. Hazelett contends the trial court erred in granting Boomtown’s motion for summary judgment. Ms. Hazelett argues she established a prima fade cause of action under La. R.S. 9:2800.6 because she provided sufficient evidence through her own testimony, verified responses to interrogatories provided by Boomtown, and sworn affidavits[3] of individuals with personal knowledge of the facts to satisfy every element. She claims that Boomtown is not capable of rebutting her evidence because its evidence is unreliable. Ms. Hazelett further contends that Boomtown failed to satisfy its ^obligations under La. C.C.P. art. 966 as there are genuine issues of material fact which would be relevant in a trial on the merits.
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. C & C Energy, L.L.C. v. Cody Invs., L.L.C., 09-2160 (La. 7/6/10), 41 So.3d 1134, 1137; Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880, 883; Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544, 547; Rayfield v. Millet Motel, 15-496 (La.App. 5 Cir. 1/27/16), 185 So.3d 183, 185. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966B(2). The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966C(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id. *451 Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. Id.
La. R.S. 9:2800.6 provides, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition ^existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
Therefore, in a slip and fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14), 165 So.3d 147, 152; Sheffie v. Wal-Mart Louisiana LLC, 13-792 (La.App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, writ denied, 14-0881 La. 6/20/14, 141 So.3d 813. The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiffs cause of action. Foster v. Pinnacle Entm’t, Inc., 16-8 (La.App. 5 Cir. 4/27/16), 193 So.3d 288, 295; Upton v. Rouse’s Enter., LLC, 15-484 (La.App. 5 Cir. 2/24/16), 186 So.3d 1195, 1199, writ denied, 16-0580 (La. 5/13/16), 191 So.3d 1057. The merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. White v. Wal-Mart Stores, Inc., 97-0393 (La. 09/09/97), 699 So.2d 1081, 1086. There is no provision in La. R.S. 9:2800.6 that permits a shifting of the burden to the merchant. Id.
|fiTo determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained of condition, (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition, (3) the cost to prevent the harm, and (4) the nature of the plaintiffs activities in terms of social utility or whether the activities were dangerous by nature. Bufkin v. *452 Felipe’s La., LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856.
In addition to proving that the condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff must also prove that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. Upton, 186 So.3d at 1200. When constructive notice is at issue, the claimant must come forward with positive evidence showing that the damage causing condition existed for some period of time, and that such time was sufficient to place the merchant on notice of its existence. Id., at 1200 (citing White v. Wal-Mart Stores, Inc., 97-393 (La. 09/09/97, 699 So.2d 1081, 1082).
Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. Sears v. Home Depot, USA, Inc., 06-201 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, writ denied, 06-2747 (La. 1/26/07), 948 So.2d 168. Even if contained in a deposition, such inferences, allegations, and speculation are not sufficient to satisfy the opponent’s burden of proof. Id.
Our de novo review of the record reveals that Ms. Hazelett offered no factual support for her contention that the alleged grease, from an unspecified location, created an unreasonable risk of harm, and that the condition was reasonably foreseeable to Boomtown. Additionally, she failed to provide any positive evidence showing Boomtown had actual notice of the alleged grease, or ^alternatively, constructive notice of the alleged grease. Nor did she offer any evidence that the condition existed for such a “period of time that it would have been discovered if the merchant had exercised reasonable care.” La. R.S. 9:2800.6C(1).

Unreasonable risk of harm

In her affidavit, the buffet’s hostess, Antoinette Ellis, stated she saw Ms. Hazelett get up from the floor, leave Boomtown’s property, and return a few minutes later at which time she spoke to Boomtown’s staff about the incident and her complaints of pain. Ms. Ellis stated she could not see any substance on the floor in the area where Ms. Hazelett indicated, and she did not observe anyone else slip or make a complaint of a slippery condition on the day of Ms. Hazelett’s fall. Additionally, Boomtown’s security day supervisor, Lawrence Weatherstrand, stated in his affidavit that he arrived at the scene and saw Ms. Hazelett sitting with her sister at a table across from- the buffet. Ms. Hazel-ett said she fell in front of the entrance/exit to the buffet. He offered Ms. Hazelett medical assistance and she declined, stating her daughter made her an appointment with her own physician. Mr. Weatherstrand then walked over to the area near the entrance/exit of the buffet and did not see any foreign substance, such as water, grease, or food on the floor. Mr. Weatherstrand prepared the incident report, took photographs of the area, and gave both to Jeannine Richert, Boom-town’s Risk and Safety Manager. In her affidavit, Ms. Richeit stated that the incident report, witness statement, and other investigation related to Ms. Hazelett’s fall did not reveal the presence of food, grease, or other foreign substance on the floor of the buffet area.
In her petition, Ms. Hazelett stated grease collected on the bottom of her shoe from underneath the booth. In her deposition, Ms. Hazelett testified she knew grease collected on her shoe because the entire buffet area was “slicky” which caused her feet to slide throughout the buffet. However, Ms. Hazelett testified that 17she did not make any complaints to *453 the buffet’s staff prior to her fall and she did not look at the bottom of her shoe after she fell in front of the entrance/exit of the buffet. She testified she did not see any food, drink, spills, or other foreign substances on the floor in the buffet area, on the carpet, or underneath the booth prior to her fall. She did not have any photographs to show a foreign substance was on the floor to contradict the photographs taken by Mr. Weatherstrand. In her affidavit, Ms. Lavigne stated that while helping her sister up, she noticed a smear mark, or some slippery substance, on the floor where her sister fell. While Mr. Weatherstrand was writing his report, she witnessed another lady almost fall in the same area her sister fell. Ms. Lavigne spoke to the lady, requested her information, and informed Mr. Weatherstrand of the other lady’s incident. Ms. Lavigne stated Mr. Weatherstrand requested a staff member to put up a cone and mop the area. Ms. Lavigne’s affidavit did not state that she saw food, drink, foreign substance, or spill on the floor in the buffet, underneath the table, or in the main hallway right outside of the exit for the buffet. She only states she saw a smear mark left by Ms. Hazelett’s shoe outside of the buffet.
As to her contention that Boomtown’s evidence is unreliable, Ms. Hazelett argues that Ms. Ellis’s affidavit is insufficient because in an unsworn witness statement Ms. Ellis said she saw Ms. Hazelett fall and her affidavit does not state she saw Ms. Hazelett fall. However, it is not disputed by the parties that Ms. Hazelett fell. Thus, whether Ms. Ellis saw Ms. Hazelett fall or whether she only saw her on the floor is not material. Ms. Hazelett also contends that Mr. Weatherstrand’s affidavit contradicts the surveillance video of the incident. While it is not disputed that there was surveillance video and it was referred to by Ms. Hazelett’s counsel in his amended opposition and his brief to this Court, the surveillance video was never introduced into evidence in the trial court. This Court only reviews evidence that was admitted and before the trial court; thus, the |ssurveillance video, and any argument made by Ms. Hazelett regarding the video, are not considered for purposes of this appeal.
Based on the evidence, Ms. Hazelett failed to present evidence of the existence of a foreign substance, (ie., grease) on the floor underneath the booth, in the buffet area, or in front of the buffet entrance/exit area by the main hallway. Boomtown established an absence of an essential element, ie., that Ms. Hazelett cannot show the alleged grease presented an unreasonable risk of harm and that the condition was reasonably foreseeable by Boomtown.

Actual or constructive notice

Even assuming that there was grease on the floor or underneath the booth that created an unreasonable risk of harm, Boomtown established that Ms. Ha-zelett failed to offer any positive evidence showing that Boomtown had actual notice of the alleged grease, or alternatively, constructive notice of the alleged grease and that the condition existed for such a “period of time that it would have been discovered if the merchant had exercised reasonable care.”
Ms. Hazelett argues the condition in question is the combination of greasy, Slippery buffet floors coupled with a carpeted floor to a smooth polished floor transition where patrons are supposed to walk upon exiting the buffet. She contends that the tracking of slippery grease from a slippery floor area to the smooth polished floor area is reasonably foreseeable, especially considering that the floor around the buffet area was slippery. Furthermore, Boom-town placed caution cones around the buf *454 fet area indicating the floor was slippery. Thus, Ms. Hazelett contends that considering the type of flooring Boomtown chose to use in the buffet area (ie., uncarpeted/tiled flooring), the area outside of the buffet where patrons sit (ie., carpeted flooring), and the area immediately outside the entrance/exit area of the buffet in the main hallway (ie., polished, smooth ^flooring), there is “more than mere speculation that Boomtown had at least constructive knowledge of the condition that caused Ms. Ha-zelett to slip and fall.”
Boomtown presented evidence through Ms. Richert’s affidavit that a yellow warning sign was placed on the floor at the buffet line to provide notice to customers of the potential for spilled food and drink items. Boomtown pointed out that there was no evidence, aside from Ms. Hazelett’s self-serving testimony, that the entire buffet floor was “slicky,” and that the tiled floor around the buffet line was slippery. Ms. Hazelett could not identify any spills, food, drink, or foreign substance on any particular area of the floor nor could she state how long the foreign substance had been in any area, despite the placement of a caution cone in the buffet line.
The record is void of any evidence presented by Ms. Hazelett that Boomtown had actual or constructive notice of the alleged grease, other than conclusory allegations and unsupported opinion which are not sufficient to satisfy the burden of proof that Boomtown had actual or constructive notice of the grease. See Sears, supra.
Based on the foregoing, and after a review of the record and exhibits, it is clear Boomtown provided evidence to show the absence of factual support for Ms. Hazel-ett’s claim that it had actual or constructive notice of the alleged grease prior to the occurrence. Thereafter, Ms. Hazelett failed to produce evidentiary factual support to show that she will be able to satisfy her burden. Ms. Hazelett’s allegations in this ease are nothing more than mere speculation as to the cause of the fall and notice by Boomtown. Mere speculation is not sufficient to meet the burden imposed on Ms. Hazelett pursuant to La. R.S. 9:2800.6. Frank v. Boomtown L.L.C., 12-382 (La.App. 5 Cir. 12/11/12), 106 So.3d 227, 232.
hnConcIusion
Accordingly, for the reasons set forth herein, we affirm the trial court’s judgment granting Boomtown’s motion for summary judgment.
AFFIRMED

. A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. La. C.C.P. art. 1841. This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid, final judgment. Oregan v. Cashio, 15-612 (La. App. 5 Cir. 1/27/16), 185 So.3d 885, 887. A final judgment shall be identified as such by appropriate language. La. C.C.P. art. 1918.
A valid judgment must be precise, definite, and certain. Blanke v. Duffy, 05-829 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541. A final judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. The specific relief granted should be determinable without reference to an extrinsic source such as pleadings or reasons for judgment. Id.
A trial court may, at its discretion and on its own motion, change the result of any interlocutory rulings it finds to be erroneous, prior to a final judgment. Vasalle v. Wal-Mart Stores, Inc., 01-0462 (La. 11/28/01), 801 So.2d 331. A judgment that does not contain decretal language cannot be considered as a final judgment. Johnson v. Mount Pilgrim Baptist Church, 05-0337 (La. App. 3 Cir. 03/24/06), 934 So.2d 66, 67. The first "Judgment” was rendered and signed on January 20, 2016, and does not contain the appropriate language to be a valid, final judgment. Thus, the January 20, 2016 judgment was not subject to the requirements of La. C.C.P. art. 1951 for amendments to final judgments. If not a definitive judgment, it is an interlocutory ruling, and as such is revisable by the trial court before a final adjudication. Id. at 335. A second "Amended Judgment” was thus, properly signed by the trial court on January 26, 2016, and contains the appropriate language. Accordingly, this appeal was properly taken from the January 26, 2016 judgment, and therefore, we will discuss the merits of this appeal.

. According to the exhibits, the buffet restaurant is referred to as Bayou Market Express or Bayou Market Buffet.

. Only one sworn, signed affidavit by Ms. Lavigne was before the trial court. The other affidavit by Eather Reynolds was not signed nor admitted into evidence and is not considered by this Court.