WINDHORST, J. | Appellants, United Professionals Company, LLC (UPC), Sisung Capital, LLC (Sisung Capital), and Lawrence J. Sisung, Jr. (Sisung), appeal the trial court’s February 16, 2017 judgment denying their exceptions of no right of action and no cause of action as to defendant Go-Graphics of New Orleans’ (GG New Orleans) reconven-tional demand, and further denying in part and granting in part, an exception of no right of action to relators’ claims in the petition in favor of defendants, Ramsey F. Skipper (Skipper), Go-Graphics, L.L.C. (GG), R.E.A.L. Development, LLC (REAL), Go-Graphics of New Orleans (GG New Orleans), and Go-Graphics of Shreveport, LLC (GG Shreveport) (collectively Skipper defendants) For the reasons that follow, we find this Court lacks appellate jurisdiction because this is not a final, ap-pealable judgment. We dismiss this appeal without prejudice, and remand the matter to the trial court for further proceedings. Facts On May 4, 2016, appellants filed a petition for dissolution, judgment on debts, damages, and declaratory relief against the Skipper defendants alleging the improper use of the assets of multiple limited liability companies by the indirect fifty-percent owner, Skipper. On June 16, 2016, the Skipper defendants filed an exception of no right of action, answer, and recon-ventional demand. In response to the re-conventional demand, appellants filed exceptions of no right of action and no cause of action. On February 16, 2017, the trial court denied appellants’ exceptions and denied in part and granted in part the Skipper defendants’ exception of no right of action. On March 22, 2017, appellants filed a notice of intent to apply for supervisory writs from the February 16, 2017 judgment. Appellants filed their writ applieation |2with this Court on March 23, 2017.[1] On May 2, 2017, appellants also filed a motion to appeal the February 16, 2017 judgment. Discussion The denial of an exception by the trial court is not appealable. La. C.C.P. art. 1915. The February 16, 2017 judgment denying the exceptions filed by appellants and the Skipper defendants is an interlocutory judgment not subject to this Court’s jurisdiction. However, interlocutory judgments are reviewable on appeal when a final judgment has been rendered. Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust, 09-0968 (La. App. 5 Cir. 09/14/10), 51 So.3d 737, 742, writ denied, 07-1094 (La. 09/21/07), 964 So.2d 333. Here, the judgment on appeal also granted in part an exception of no right of action. Thus, it is necessary to determine if the partial grant of appellees’ exception of no right of action was a final judgment. Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915. A valid final judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. See La. C.C.P. art. 1981; Morraz-Blandon v. Voiron, 16-112 (La. App. 5 Cir. 08/25/16), 199 So.3d 1220, 1222; Claiborne Medical Corp. v. Siddiqui, 12-759 (La. App. 5 Cir. 02/28/13), 113 So.3d 1109, 1112. The specific relief granted or denied should be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment. Input/Output Marine Sys., 52 So.3d at 916. |Jn this case, the specific ■ relief granted in the February 16, 2017 judgment cannot be determined from the judgment itself. The judgment only references specific paragraphs of plaintiffs’ petition without specifying the specific relief. Furthermore, a partial final judgment is not. appealable “unless it is designated as a final judgment by the 'court after an express determination that there is no just reason for delay.” La. C.C.P. art. 1915 B(l), The written judgment contains no determination and designation by the trial court that this partial judgment was final for purposes of immediate appeal pursuant to La. C.C.P. art. 1915 B(l). Because the trial court rendered a partial judgment as to less than all of the claims of the parties, the judgment does not state the specific relief granted, and this partial judgment has not been designated as a final judgment by the trial court after an express determination that there is no. just reason for delay, the February 16, 2017 judgment is not a final judgment under La. C.C.P. art. 1915, and is not appealable as one “... in which appeals are given by law” under La. C.C.P. art. 2083. Claiborne, 113 So.3d at 1112. Conclusion Accordingly, for the reasons stated above, we dismiss appellants’ appeal without prejudice, and remand the matter to the trial court for further proceedings. APPEAL DISMISSED; REMANDED . A disposition on this writ application was rendered by this Court on September 1, 2017. United Professionals Company, LLC v. Skipper, 17-169 (La. App. 5 Cir. 09/01/17) (unpublished writ disposition).