MEG VINCENT, WIFE OF AND KEITH VINCENT, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILDREN, EMMA VINCENT, CAMILLE VINCENT, HARRISON VINCENT, AND HUDSON VINCENT

NO. 21-C-227

FIFTH CIRCUIT

COURT OF APPEAL

VERSUS

STATE OF LOUISIANA

NATIONAL GENERAL INSURANCE COMPANY, DR. FREDRICK DANTAGNAN ON BEHALF OF THE MINOR JACQUELINE DANTAGNAN AND HUDSON INSURANCE COMPANY

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 782-360, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

October 13, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

<u>**REVERSED AND REMANDED**</u>
    **MEJ**
    **FHW**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
MEG VINCENT, WIFE OF AND KEITH VINCENT, INDIVIDUALLY AND ON
BEHALF OF THE MINOR CHILDREN, EMMA VINCENT, CAMILLE
VINCENT, HARRISON VINCENT AND HUDSON VINCENT
    Vanessa Motta
    Todd C. Comeaux

COUNSEL FOR DEFENDANT/RESPONDENT,
NATIONAL GENERAL INSURANCE COMPANY, DR. FREDRICK
DANTAGNAN, IV & JACQUELINE DANTAGNAN
    Peter M. Donovan

COUNSEL FOR DEFENDANT/RESPONDENT,
HUDSON SPECALITY INSURANCE COMPANY
    Edwin C. Laizer
    Christopher A. D'Amour
    Kyle L. Potts
    Leigh Ann Tschirn Schell

**JOHNSON, J.**

Relators, Meg and Keith Vincent, individually and on behalf of their minor children (collectively "the Vincents"), seek review of the 24th Judicial District Court's March 26, 2021 judgment denying their motion for partial summary judgment on the issue of liability. Relators urge that the district court erred when it failed to grant Relators' motion because defendant Jacqueline Dantagnan admitted that she was completely at fault regarding the accident that occurred at an intersection in Kenner, LA, and thus, there are no genuine issues as to material fact and Relators are entitled to partial summary judgment on the issue of liability as a matter of law.

On April 17, 2017, Meg Vincent was travelling eastbound on Joe Yenni Boulevard and crossing the intersection of Loyola Drive when her motor vehicle was struck by another vehicle being operated by Ms. Dantagnan, when Ms. Dantagnan attempted to make a left turn after she had been travelling in the opposite direction on Joe Yenni Boulevard. Both parties maintain that their respective traffic signals were green at the time of the accident. Relators argue that, because Ms. Dantagnan admitted in her deposition that she made a left turn into the lane the car operated by Mrs. Vincent occupied and a left-turning motorist is presumed to be at fault when involved in an accident, the burden shifts to the defendant Ms. Dantagnan to absolve herself of responsibility. Relators also insist that Respondents, Hudson Specialty Insurance Group and National General Insurance, provided no factual evidence or expert testimony to support a conclusion that Mrs. Vincent may have also been at fault. Respondents counter that Relators' writ application is untimely – Relators' writ application was filed on May 17, 2021, more than 30 days after the oral ruling the judge rendered on March

11, 2021 (according to the official court record.)[1]  Respondents also urge that left-turning drivers are not subject to absolute liability and there are questions of fact for the jury regarding possible comparative fault.

Summary judgments are reviewed on appeal *de novo,* with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Maiorana v. Melancon Metal Bldgs., Inc.*, 05-933 (La. App. 5 Cir. 4/25/06, 5–6); 927 So.2d 700, 703, *as amended on reh'g* (May 10, 2006).  "In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor." *Id.* (citations omitted).

The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Henry v. Reeves*, 19-550 (La. App. 5 Cir. 4/28/20); 296 So.3d 1076, 1082, *writ denied*, 20-646 (La. 9/24/20); 301 So.3d 1176.

> The duty of a left-turning motorist is set forth in La. R.S. 32:122, which provides, in pertinent part, that "[t]he driver of a vehicle within an intersection intending to turn to the left shall yield

---

[1] The trial court issued an oral ruling denying the motion for partial summary judgment in open court on March 11, 2021.  On March 27, 2021, Relators timely filed a notice of intent and the trial judge set the return date "as required by law" and as mandated by Uniform Rules – Courts of Appeal, Rule 4-3.  Pursuant to Uniform Rules – Courts of Appeal, Rule 4-3, parties have 30 days from the date of notice of judgment to file a supervisory writ.  Parties may seek an extension of time to file a writ beyond the 30-day period "upon a proper showing" and only "if filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault."  Pursuant to La. C.C.P. art 1914, the rendition of an oral interlocutory ruling in open court constitutes notice of the judgment to all parties.  Therefore, Relators had 30 days from the date of the March 11, 2021 oral ruling, or, until Monday, April 12, 2021, to file a supervisory writ.  On that date, April 12, 2021, Relators filed a proposed "order" setting the return date as May 1, 2021, which the trial judge signed on April 13, 2021.  On the showing made, we are unable to determine whether Relators made a "proper showing" as required for an extension of the 30-day time delay pursuant under Rule 4-3; thus the district court may have erred in setting a return date outside of the 30-day time period and effectively granting Relators an extension.  However, this Court has nevertheless considered writ applications under similar circumstances and held that, "in instances in which the applicant files the writ with the court of appeal within the improvidently set delay period, appellate courts are loath to penalize the applicant." *McCroskey v. Munlin*, 20-338 (La. App. 5 Cir. 3/11/21), 2021 WL 933488. Consequently, we also find the subsequent motion for extension of time, filed on April 27, 2021, prior to the May 1, 2021 return date set, to be timely.  On April 28, 2021, the trial judge signed an order extending the return date to May 17, 2021.  Accordingly, we consider Relator's writ application, filed on May 17, 2021, to be timely under the circumstances.

the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard." Additionally, La. R.S. 32:104(A) states that "[n]o person shall ... turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

Drivers executing left turns have a heavy burden of care under the law. Before attempting a left turn, a motorist should ascertain whether it can be completed safely. Because a left turn is one of the most dangerous maneuvers for a driver to execute, there is a presumption of negligence on a left-turning motorist involved in a motor vehicle accident. Additionally, the oncoming driver may take advantage of a presumption of the left-turning motorist's negligence when the oncoming driver proves that the left-turning motorist executed a left-hand turn and crossed the center line at the time of impact.

*Id.* at 1082. (Citations omitted).

In the instant case, we find that Ms. Dantagnan has not overcome the presumption of liability against a left-turning motorist, or met the burden of proving that she was "free[] from negligence" when she attempted to execute the left turn. *See Anderson v. May*, 01-1031 (La. App. 5 Cir. 2/13/02); 812 So.2d 81. Ms. Vincent stated that she "possibly" saw vehicles turn in front of her before she saw Ms. Dantagnan's vehicle for the first time "[a]s she was turning." Ms. Dantagnan asserted that she "was following a big truck that turned very fast to the left directly in front of her" after "seeing a green light." "[A] left-turning motorist has a strong duty of care." *Baker v. State Farm Mut. Auto. Ins. Co.*, 49,468 (La. App. 2 Cir. 1/21/15); 162 So.3d 405, 409. This duty includes "properly signaling an intention to turn left and keeping a proper lookout for both oncoming and overtaking traffic in order to ascertain that the left turn can be made with reasonable safety." *See Id.* The fact that Ms. Dantagnan proceeded with the green light after the vehicle in front of her completed a left turn without incident did not absolve Ms. Dantagnan of her responsibility to yield the right of way to Mrs. Vincent. Mrs. Vincent, the favored motorist, was not obligated to slow down to

yield the right of way to allow Ms. Dantagnan to complete her turn, as Respondents suggest in their Opposition. An on-coming motorist has a right to assume that a left-turning motorist will yield the right-of-way. *Severson v. St. Catherine of Sienna Catholic Church*, 97-1026 (La. App. 5 Cir. 2/11/98); 707 So.2d 1026, 1030, *writ denied*, 98-0653 (La. 4/24/98); 717 So.2d 1178. Respondents also aver that Mrs. Vincent may have been speeding or illegally operating her vehicle by driving through a red light signal to traffic traveling eastbound on Yenni Boulevard immediately preceding the accident. However, no factual support or expert testimony has been presented to bolster Respondents' assertions. Ultimate or conclusory facts or conclusions of law are not to be utilized on a summary judgment motion. *Henry v. Reeves*, *supra*, at 1083. Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Hazelett v. Louisiana-1 Gaming*, 16-297 (La. App. 5 Cir. 12/21/16); 210 So.3d 447, 452.

Based on the foregoing, we find that Respondents failed to rebut the presumption in favor of Ms. Vincent, the favored, on-coming motorist, and failed to provide a basis for denying her motion for partial summary judgment. Therefore, the trial court erred in not granting partial summary judgment on the issue of liability in favor of Ms. Vincent and, accordingly, the writ application is granted. Because there are no genuine issues as to material fact and Relators are entitled to judgment on the issue of liability as a matter of law, partial summary judgment on the issue of liability is hereby granted in favor of Relators.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 13, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-227**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
TODD C. COMEAUX (RELATOR)          VANESSA MOTTA (RELATOR)                    KYLE L. POTTS (RESPONDENT)
LEIGH ANN TSCHIRN SCHELL
(RESPONDENT)

### MAILED
PETER M. DONOVAN (RESPONDENT)          CHRISTOPHER A. D'AMOUR
ATTORNEY AT LAW                        (RESPONDENT)
4640 RYE STREET                        EDWIN C. LAIZER (RESPONDENT)
SUITE 100                              ATTORNEYS AT LAW
METAIRIE, LA 70006                     701 POYDRAS STREET
                                       SUITE 4500
                                       NEW ORLEANS, LA 70139