Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,787-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LYNN ROBINSON                                    Plaintiff-Appellant

versus

BOSSIER CASINO VENTURE,                    Defendant-Appellee
LLC D/B/A MARGARITAVILLE
RESORT CASINO

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 161,690

Honorable Robert Lane Pittard, Judge

* * * * *

THE LAW OFFICE OF ALLEN COOPER, LLC   Counsel for Appellant
By: J. Allen Cooper, Jr.
      Pamela King Newlen

LUNN IRION LAW FIRM, LLC                    Counsel for Appellee
BY: Alexander J. Mijalis
      Harold R. Bicknell, III

* * * * *

Before COX, STEPHENS, and MARCOTTE, JJ.

**MARCOTTE, J.**

In this trip and fall case, plaintiff, Lynn Robinson, appeals the trial court's judgment granting the motion for summary judgment filed by defendant, Bossier Casino Venture, LLC d/b/a Margaritaville Casino ("Margaritaville"). For the following reasons, we affirm the trial court's judgment.

## FACTS

On February 23, 2019, plaintiff tripped and fell on an entrance rug near the front door of Margaritaville. On February 10, 2020, plaintiff filed a petition for damages naming Margaritaville as a defendant. Plaintiff claimed there was a raised edge, buckle, or another anomaly in the floor mat placed at the entranceway of Margaritaville that caused her to fall and sustain injuries to her head, back, hip, and knee. Plaintiff further asserted that prior to her fall, defendant knew or should have known of the unreasonably dangerous condition and that, despite this knowledge, defendant did not timely act to remedy the dangerous condition or warn plaintiff of it.

On May 19, 2021, defendant filed a motion for summary judgment claiming plaintiff could not carry her burden of proof under the Merchant Liability Statute, La. R.S. 9:2800.6, that there was an unreasonably dangerous condition that caused her fall. Defendant claimed that the surveillance video of the incident shows that the entrance rug was lying flat on the floor, free of any ripples, buckles, or other anomalies.

Plaintiff opposed the motion for summary judgment on the grounds that there were genuine issues of material fact as to whether the placement and condition of the entrance rug at issue created an unreasonably dangerous condition. In support of her opposition, plaintiff offered her deposition

testimony wherein she testified that she knew she tripped over the rug because when she looked back after her fall, she saw that the rug was flipped up. Plaintiff asserted that, contrary to defendant's contentions, the surveillance video shows a ripple in the rug causing the edge of the rug to buckle and not sit flat against the floor.

Plaintiff also offered the deposition testimony of Harold Singley, the Margaritaville security officer who investigated plaintiff's fall. In particular, plaintiff relied on Mr. Singley's testimony that, based upon his viewing of the surveillance video, something "look[ed] a little different" about an area of the rug that was "somewhat" near the spot where plaintiff's foot tripped on the rug. Plaintiff argued that Mr. Singley's testimony shows that the rug was an unreasonably dangerous condition. In support of her claim that Margaritaville had actual and/or constructive notice, plaintiff relied on the surveillance video and Mr. Singley's testimony that there were multiple Margaritaville employees stationed at a location near the entrance rug.

Defendant asserted that plaintiff cannot establish an unreasonably dangerous condition existed. Defendant stated that throughout the video, the purported anomaly does not change as any person walks over that portion of the entrance rug. Defendant argued that plaintiff's claim of an anomaly in the entrance rug relies on the two video angles farthest from the actual entrance, and that in the videos taken from the side of the entrance rug that would show the purported anomaly, there is no anomaly to be seen. Defendant further stated even if an anomaly existed, plaintiff does not walk over the anomaly, but rather she clearly walks to the side of where the anomaly is purported to be and drags her right toe under the rug causing her fall.

2

Finally, defendant asserted that since plaintiff did not provide any evidence which would demonstrate that the entrance rug was unreasonably dangerous, there is no evidence that Margaritaville knew or should have known the entrance rug presented any risk to patrons entering the casino.

On January 31, 2022, the trial court held a hearing on the motion for summary judgment and ruled in favor of Margaritaville. The trial court judge noted that he watched the surveillance video at issue and did not see any anomaly in the entrance rug. Rather, the trial court found that upon entering the casino, plaintiff tripped and fell on her own feet. As such, the trial court ruled that there was no unreasonably dangerous condition with the entrance rug and thus no issue of actual or constructive notice. On February 11, 2022, the trial court signed a judgment consistent with its ruling. Plaintiff appeals the trial court's ruling granting defendant's motion for summary judgment.

**DISCUSSION**

On appeal, plaintiff asserts that the trial court erred in finding there is no genuine issue of material fact regarding whether Margaritaville's entrance rug posed an unreasonably dangerous condition before her fall. Plaintiff also asserts that the trial court erred in finding no genuine issue of material fact regarding whether Margaritaville knew or should have known of the hazardous condition prior to plaintiff's fall.

A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La.

3

2/26/08), 977 So. 2d 880. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

To reverse the trial court's decision, this court would have to find on *de novo* review that the record reveals a genuine issue of material fact which precludes summary judgment as a matter of law. *White v. Louisiana Dep't of Transp. & Dev.*, 18-741 (La. App. 3 Cir. 3/13/19), 269 So. 3d 1031, *writ denied*, 19-0572 (La. 5/28/19), 273 So. 3d 311. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874.

The burden of proof for a claimant in a slip-and-fall lawsuit against a merchant is set forth in La. R.S. 9:2800.6, which provides, in part:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Plaintiffs who slip and fall in a merchant's premises bear a heavy burden of proof. Failure by a plaintiff to prove any of the three required elements in La. R.S. 9:2800.6(B) is fatal to the plaintiff's case. *McDonald v. PNK (Bossier City), LLC*, 53,561 (La. App. 2 Cir. 9/23/20), 304 So. 3d 143, *writ denied*, 20-01416 (La. 2/9/21), 310 So. 3d 179; *Gregory v. Brookshire Grocery Co.*, 45,070 (La. App. 2 Cir. 4/21/10), 35 So. 3d 458.

5

Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. *Ferlicca v. Brookshire Grocery Co.*, 50,000 (La. App. 2 Cir. 9/4/15), 175 So. 3d 469. A store owner is not liable every time an accident happens. *Hardman v. Kroger Co.,* 34,250 (La. App. 2 Cir. 12/6/00), 775 So. 2d 1093.

Plaintiff asserts that she produced evidence identifying a hazard of a buckle, ripple, or other anomaly in Margaritaville's entrance rug. Plaintiff relies on the surveillance video and the testimony of Margaritaville security guard Harold Singley that, upon viewing the surveillance video, something looked "a little different" to him about part of the entrance rug that was "somewhat near" where plaintiff fell.

Upon *de novo* review, we find that plaintiff cannot satisfy her burden of proving that a condition presenting an unreasonable risk of harm existed, or that Margaritaville had actual or constructive notice of the condition which allegedly caused damages resulting from plaintiff's fall, prior to the fall. Specifically, plaintiff cannot show that there was a buckle, ripple, or other anomaly in the entrance rug prior to her fall. Although the video shows several employees in the vicinity of plaintiff's fall, plaintiff cannot show that there was a hazardous condition in the entrance rug, much less that any hazard existed for some period of time before her fall.

In fact, plaintiff admits in her deposition that she did not notice the buckle or other anomaly in the floor mat until after she fell. Numerous other patrons traversed the same mat upon entering the casino and none of them had any issues with it. It was only after her fall that plaintiff noticed a

6

buckle or other anomaly and concluded that the buckle or other anomaly must have been the cause of her fall.

Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Johnson v. Lowe's Home Centers, LLC*, 52,602 (La. App. 2 Cir. 4/10/19), 267 So. 3d 1198. Even if contained in a deposition, such inferences, allegations, and speculation are not sufficient to satisfy the opponent's burden of proof. *Hazelett v. Louisiana-1 Gaming*, 16-297 (La. App. 5 Cir. 12/21/16), 210 So. 3d 447.

Plaintiff is unable to produce any evidence other than conclusory allegations in her pleadings and her own self-serving statements regarding the entrance rug. Therefore, plaintiff is unable to meet her burden of showing that a defect in the rug existed that created an unreasonably dangerous condition. Because we find no unreasonably dangerous condition, any discussion of actual or constructive notice or the exercise of reasonable care is pretermitted.

The surveillance video demonstrates that prior to plaintiff's fall the rug was lying flat on the floor without any bumps, buckles, or other anomalies and that numerous patrons of the casino entered through the same door and traversed the same entrance rug without issue. In fact, the video demonstrates that the only time the entrance rug becomes disturbed is after plaintiff trips on it.

In light of the foregoing, we find that the surveillance video evidence shifted the burden to plaintiff to produce factual evidence sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial with respect to the unreasonably dangerous element. However, to

7

attempt to satisfy her burden, plaintiff primarily relies upon the surveillance video evidence reviewed above, in which we did not find any factual support for her contention that a condition existed that presented an unreasonable risk of harm to her.

The only other evidence plaintiff relies upon to attempt to establish the existence of an unreasonably dangerous condition is the deposition testimony of Margaritaville security guard Mr. Singley. However, Mr. Singley's testimony that something "look[ed] a little different" about an area of the rug that was "somewhat" near where the accident occurred is not sufficient to create a genuine issue of material fact. We find it significant that Mr. Singley was speaking only as to his impressions after being shown the surveillance video in his deposition, rather than as to anything he actually observed about the rug prior to plaintiff's fall.

Absence of corroborating evidence means that there is no genuine issue of material fact. *King v. Allen Court Apartments II*, 15-0858 (La. App. 1 Cir. 12/23/15), 185 So. 3d 835, *writ denied*, 16-0148 (La. 3/4/16), So. 3d 1069. Thus, the trial court's grant of defendant's motion for summary judgment was appropriate.

## CONCLUSION

For the foregoing reasons, we affirm. The costs of the appeal are assessed to the appellant.

**AFFIRMED.**

8